UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANN M. ZWICK,

               *Plaintiff*,

-against-                **COMPLAINT**
                           **AND JURY DEMAND**

TOWN OF CHEEKTOWAGA,
CHRISTOPHER WIERZBOWSKI, individually and in his official
capacity as a police officer, and,
MARK CYREK,

               *Defendants*.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff ANN M. ZWICK, hereby demands a jury trial of all issues so triable.

## I. INTRODUCTION

1. This is an action seeking monetary damages, to redress illegal conduct by the defendants, who deprived the plaintiff of various rights and privileges secured by the Constitution and laws of the United States, specifically the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983 as well as the common law of the State of New York.

## II. JURISDICTION

2. This action seeks to enforce rights guaranteed by the Constitution and laws of the United States and is brought pursuant to 42 US.C. § 1983. Jurisdiction is based upon 28 U.S.C. §§ 1331 (federal question), 1343 (civil rights), and 1367

1

(supplemental jurisdiction). The substantive federal claims are brought pursuant to 42 U.S.C. §1983. The Court has supplemental jurisdiction over state common law claims.

3. Venue is proper in the Western District of New York, under 28 U.S.C. §1391(b), because all parties reside in this District and because all of the events or omissions giving rise to the claims occurred within this District.

### III. PARTIES

4. Plaintiff ANN M. ZWICK is, and at all times hereinafter mentioned was, a resident of the Village of Depew, County of Erie and State of New York.

5. The defendant TOWN OF CHEEKTOWAGA is a municipal corporation operating under the laws of the State of New York with offices in Cheektowaga, New York.

6. CHRISTOPHER WIERZBOWSKI, was at all times herein employed by the TOWN OF CHEEKTOWAGA as a police officer.

7. He resides in Erie County and is sued individually and in his official capacity as a police officer.

8. MARK CYREK was a resident of the Town of Cheektowaga, County of Erie at all times herein.

9. At all times herein, CHRISTOPHER WIERZBOWSKI was acting within the scope of his employment.

10. At all times herein, CHRISTOPHER WIERZBOWSKI was acting under color of state law.

## IV. FACTUAL ALLEGATIONS APPLICABLE TO ALL

## CAUSES OF ACTION

11. On or about June 24, 2016, MARK CYREK made a complaint to the Cheektowaga Police Department, alleging that the plaintiff was stalking him.

12. Police officer CHRISTOPHER WIERZBOWSKI interviewed Mr. Cyrek and, with Mr. Cyrek's support and at his request, he filed an information with the Town of Cheektowaga Court alleging that the plaintiff had committed the offense of stalking in the fourth degree in violation of Penal Law section120.45, subsection 3, a class B misdemeanor.

13. That section requires that the information allege that the defendant contacted the complainant at his place of employment after being warned not to do so.

14. The information in the present case failed to allege that the complainant was contacted at his place of business or that he warned her not to do so.

15. The information therefore failed to establish probable cause that the plaintiff was guilty of the offense.

16. MARK CYREK filed a supporting deposition which was attached to the information.

17. MARK CYREK is a police officer in the City of Buffalo and was therefore fully aware that his supporting deposition on alleged personal knowledge was crucial to the filing of the charge.

18. Mark Cyrek's supporting deposition fails to allege that the plaintiff contacted him at his place of employment after being clearly warned not to do so.

19. The information, taken together with the supporting deposition, lacked probable cause to support the charge.

20. CHRISTOPHER WIERZBOWSKI did not interview the plaintiff before filing the charge.

21. Nevertheless, CHRISTOPER WIERZBOWSKI, filed the information and procured a warrant of arrest for the plaintiff.

22. The plaintiff learned about the warrant and retained attorney James Ostrowski to represent her.

23. Mr. Ostrowski wrote to Judge Paul Piotrowki in a letter hand-delivered on August 1, 2016.

24. The letter stated:

"Dear Justice Piotrowski:

"I have been retained by Ann Zwick in connection with the enclosed charge of stalking in the 4th degree, which she just became aware of. Apparently, the Court issued an arrest warrant but I have not seen that document.

"Upon reviewing the complaint, it is obvious that the document does not allege a crime. Specifically, there is no allegation that the complainant was contacted at his place of business or that he warned her not to do so.

"That being the case, the warrant should not have been issued and we are asking the Court to withdraw the warrant and dismiss the charge pursuant to CPL 120.20(1)(b). See also, CPL 120.20(2).

"In the alternative, we ask that the Court withdraw the warrant and issue a summons that would avoid a humiliating and pointless arrest on such defective charges. CPL 120.20(3). I can further explain the basis for that request if necessary. Thank you."

25. The plaintiff appeared before Judge Piotrowski on August 2, 2016.

26. Judge Piotrowski granted an oral motion to dismiss the charge for the reasons outlined in the letter above.

27. The order was on the merits and final as there was no effective means to amend the charge since plaintiff had not in fact contacted the complainant at his place of employment.

28. Although the charge was dismissed and the case closed, court personnel, who, on information and belief, included employees of the Town of Cheektowaga, insisted that plaintiff be booked on the charge.

29. Mr. Ostrowski objected, however, the plaintiff was detained in the courtroom for about thirty minutes before the issue could be resolved.

30. The Cheektowaga Police Department did eventually withdraw their request for booking and only at that point, was the plaintiff free to leave.

31. Therefore, there was a post-arraignment deprivation of liberty in violation of the Fourth Amendment.

32. In addition to the defects noted above, the information and supporting deposition contained the following false or misleading statements:

33. The information falsely states that plaintiff on numerous occasions threatened his job.

34. The supporting deposition falsely states that plaintiff "has had numerous stay away orders in the past which all have expired."

35. The supporting deposition falsely stated that plaintiff was "violently and constantly jealous of" MARK CYREK.

36. The supporting deposition falsely stated that "physical violence increased in frequency or severity over the past six months."

37. The supporting deposition falsely stated that plaintiff drove down his street "for no legitimate purpose."

38. Said charges were therefore brought with malice and without probable cause.

39. Annoyed that the first charge was dismissed at arraignment, a rare event in New York courts, the individual defendants, acting in concert, prepared a second information and supporting deposition that charged the plaintiff with stalking in the fourth degree in violation of Penal Law Section 120.45, subjection 2.

40. That different subsection forbids causing "material harm to the mental or emotional health of such person, where such conduct consists of following, telephoning or initiating communication or contact with such person, a member of such person's immediate family or a third party with whom such person is acquainted, and the actor was previously clearly informed to cease that conduct."

41. The preface to the statute also required that the alleged behavior be intentional and "for no legitimate purpose," and the defendant "knows or reasonably should know that such conduct" violated the statute.

42. Acting in concert, the individual defendants prepared and filed new charges and procured a second arrest warrant against the plaintiff.

43. Based on that warrant, the plaintiff was arrested at her place of employment and held overnight at the police lockup at the Town of Cheektowaga.

44. Her detention was humiliating as she was depraved of certain articles of clothing and was subjected to cold temperatures all night.

45. The plaintiff was arraigned and released on her own recognizance.

46. She was, however, forced to attend numerous court appearances and thus suffered a post-arraignment deprivation of liberty in violation of the Fourth Amendment.

47. The plaintiff's attorney filed a motion to dismiss the charge on December 23, 2016.

48. The motion made the following points:

   a. The information fails to adequately allege facts that constitute the element of intentionality.

   b. The information fails to allege facts that adequately allege the element of the lack of a legitimate purpose.

   c. The information fails to allege facts that constitute the element of actual harm to mental or emotional health.

   d. There is zero evidence presented as to the lack of a legitimate purpose.

   e. The parties are not strangers and if they were, a simple allegation to that effect would carry the day.

   f. The lack of any reference to how the parties knew each other shows the utter lack of credibility of the charge.

   g. On information and belief, one reason why the plaintiff contacted the complainant is that they had a long-term relationship and that the complainant was in possession of numerous items of the defendant's property that he refused to return.

   h. There is also zero evidence presented of any actual harm to the complainant.

   i. The statute has a very strong requirement of intent, which the Court of Appeals noted in upholding the constitutionality of the statute. There is here zero evidence

7

that the defendant intentionally engaged in a course of conduct that she knew would cause material harm to the complaint.

49. On January 18, 2017, Judge Piotrowski dismissed the charge on the merits and with finality.

50. The prosecutor made no effort to amend the charge or appeal the ruling.

51. The time to appeal has expired.

52. The second charge filed by the defendant was without probable cause, was inspired by malice, and was based in part on false or misleading statements.

53. The plaintiff was not interviewed by the police before the second charge was filed.

## V. LEGAL CLAIMS PERTAINING TO THE INFORMATION FILED ON OR ABOUT JUNE 24, 2016

### FIRST CAUSE OF ACTION UNDER 42 U.S.C. § 1983 MALICIOUS PROSECUTION IN VIOLATION OF THE RIGHT TO DUE PROCESS AND LIBERTY-FOURTH, FIFTH AND FOURTEENTH AMENDMENTS, U.S. CONSTITUTION

54. CHRSITOPHER WIERZBOWSKI maliciously prosecuted the plaintiff.

55. He initiated and continued criminal proceedings against the plaintiff without probable cause, and with actual malice.

56. The charges against plaintiff were dismissed on the merits and with finality.

57. The Plaintiff suffered a post-arraignment deprivation of liberty.

58. The defendant's actions violated the Plaintiff' clearly established right to liberty and personal security as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

59. The Defendant knew, or reasonably should have known, that his conduct violated the Plaintiff' clearly established constitutional right to liberty and personal security.

60. The Defendant acted with intent to violate, or with deliberate or reckless indifference to, the Plaintiff clearly established Fourth and Fourteenth Amendment rights.

61. At all times relevant herein, the Defendant was acting under color of state law, or conspired with individuals acting under color of state law to deprive plaintiff of their constitutional rights. *Adickes* v. *S.H Kress & Co.,* 398 U.S. 144, 150 (1970)

62. As a direct result of the Defendant's conduct, the Plaintiff has suffered actual damages, attorneys' fees, and costs.

**SECOND CAUSE OF ACTION UNDER STATE COMMON LAW-MALICIOUS PROSECUTION—AGAINST MARK CYREK**

63. Acting in concert with CHRISTOPHER WIERZBOWSKI, the defendant caused false and malicious criminal charges to be initiated against the plaintiff.

64. The defendant initiated criminal proceedings against the plaintiff without probable cause, and with actual malice.

65. The charges against plaintiff were dismissed on the merits and with finality.

66. As a direct result of the Defendant's conduct, the Plaintiff has suffered actual damages, attorneys' fees, and costs.

## VI. LEGAL CLAIMS PERTAINING TO THE

## INFORMATION FILED ON OR ABOUT AUGUST 4, 2016

### THIRD CAUSE OF ACTION UNDER 42 U.S.C. § 1983 MALICIOUS PROSECUTION IN VIOLATION OF THE RIGHT TO DUE PROCESS AND LIBERTY-FOURTH, FIFTH AND FOURTEENTH AMENDMENTS, U.S. CONSTITUTION

67. CHRSTOPHER WIERZBOWSKI maliciously prosecuted the plaintiff.

68. He initiated and continued criminal proceedings against the plaintiff without probable cause, and with actual malice.

69. The charges against plaintiff were dismissed on the merits and with finality.

70. The Plaintiff suffered a post-arraignment deprivation of liberty.

71. The defendant's actions violated the Plaintiff' clearly established right to liberty and personal security as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

72. The Defendant knew, or reasonably should have known, that his conduct violated the Plaintiff' clearly established constitutional right to liberty and personal security.

73. The Defendant acted with intent to violate, or with deliberate or reckless indifference to, the Plaintiff clearly established Fourth and Fourteenth Amendment rights.

74. At all times relevant herein, the Defendant was acting under color of state law, or conspired with individuals acting under color of state law to deprive plaintiff of their constitutional rights. *Adickes* v. *S.H Kress & Co.,* 398 U.S. 144, 150 (1970)

75. As a direct result of the Defendant's conduct, the Plaintiff has suffered actual damages, attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION UNDER STATE COMMON LAW-MALICIOUS PROSECUTION—AGAINST ALL DEFENDANTS

76. The defendants, acting in concert, caused false and malicious criminal charges to be initiated against the plaintiff.

77. The defendants initiated criminal proceedings against the plaintiff without probable cause, and with actual malice.

78. The charges against plaintiff were dismissed on the merits and with finality.

79. As a direct result of the Defendants' conduct, the Plaintiff has suffered actual damages, attorneys' fees, and costs.

80. On April 17, 2017, the plaintiff filed a notice of claim against the TOWN OF CHEEKTOWAGA and CHRISTOPHER WIERZBOWSKI for common law malicious prosecution.

81. At least thirty days have elapsed since the service of such notice and adjustment or payment thereof has been neglected or refused.

82. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## VII. DAMAGES

83. On account of the Defendants' actions and violations of their rights as set forth above, the Plaintiff suffered actual damages, including loss of liberty, pain, suffering, loss of employment opportunities, humiliation and emotional distress, and was forced to expend funds for attorneys' fees and related expenses.

84. Plaintiff is entitled to recover damages, attorney's fees (in this action and for the criminal prosecution), costs, and punitive damages.

85. Plaintiff demands prejudgment interest on all elements of out-of-pocket loss including attorneys' fees.

### VII. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court:

1. Assume jurisdiction of this action;

2. Enter judgment against the Defendants and in favor of the Plaintiff;

3. Award the Plaintiff compensatory damages of $250,000, including prejudgment interest on any out-of-pocket damages;

4. Impose punitive damages of $100,000 against each individual defendant;

5. Award Plaintiff all costs and disbursements incurred in the prosecution of this action, including reasonable attorneys' fees under 42 U.S.C. §1988; and

6. Enter such other and further relief as the Court deems just and proper.

Dated:     Buffalo, New York
           July 31, 2017              /s/ James Ostrowski
                                      JAMES OSTROWSKI
                                      Attorney for Plaintiff
                                      63 Newport Ave.
                                      Buffalo, New York 14216
                                      (716) 435-8918
                                      jameso@apollo3.com