UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────

ANN M. ZWICK,

                                      Plaintiff,

                                                                 Case # 17-CV-727-FPG

v.

                                                                 DECISION AND ORDER

TOWN OF CHEEKTOWAGA, et al.,

                                      Defendants.
───────────────────────────────────

## INTRODUCTION

Plaintiff Ann M. Zwick brings this civil rights action against three defendants—the Town of Cheektowaga ("the Town"), Christopher Wierzbowski, and Mark Cyrek—who, she claims, maliciously prosecuted two charges against her. *See* ECF No. 1. On October 20, 2021, the Court denied Zwick's motion for partial summary judgment. *Zwick v. Town of Cheektowaga*, No. 17-CV-727, 2021 WL 4895106, at *7 (W.D.N.Y. Oct. 20, 2021). It also notified the parties that it intended to "*sua sponte* grant summary judgment against Zwick on her first and second claims pursuant to Federal Rule of Civil Procedure 56(f)(1)." *Id.* The Court gave the parties an opportunity to be heard before doing so, and the parties have now filed supplemental submissions.[1] *See* ECF Nos. 62, 63. For the reasons that follow, the Court affirms its conclusion that Defendants are entitled to summary judgment on Zwick's first and second claims.

## LEGAL STANDARD

Summary judgment is appropriate when the record shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

---

[1] Defendant Cyrek did not file a supplemental submission.

1

56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor.  *See Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005).  However, the non-moving party "may not rely on conclusory allegations or unsubstantiated speculation."  *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quotation omitted).

## BACKGROUND

The Court summarized the factual record in its prior order and need not do so again.  *See Zwick*, 2021 WL 4895106, at *1-3.  In short, Zwick challenges Defendants' roles in bringing about two sets of criminal charges for fourth-degree stalking: one which was filed in June 2016, and another in August 2016.  Cyrek was the complainant for both charges; Officer Wierzbowski filed the criminal complaints; and the Town's police department employs Officer Wierzbowski.

The June 2016 charge cited subsection (3) of New York Penal Law § 120.45:  "A person is guilty of stalking in the fourth degree when he or she intentionally, and for no legitimate purpose, engages in a course of conduct directed at a specific person, and knows or reasonably should know that such conduct . . . is likely to cause such person to reasonably fear that his or her employment, business or career is threatened, where such conduct consists of appearing, telephoning or initiating communication or contact at such person's place of employment or business, and the actor was previously clearly informed to cease that conduct."  N.Y. Penal Law § 120.45(3).  In the criminal complaint that he filed, Officer Wierzbowski wrote that "on 6/24/16 at approx. 2330 hrs [Zwick] continuously drove around the street and stopped into [Cyrek's] driveway.  The defendant has also

2

made numerous attempts to contact the victim via emails, text messages and phone calls from different phone numbers. The victim states that this has been going on for at least the last couple of weeks. The defendant has also made numerous threats against the victim telling him she will get him to lose his job over this." ECF No. 46-4 at 7.

On July 3, 2016, Town Justice Paul S. Piotrowski issued an arrest warrant on the basis of Officer Wierzbowski's criminal complaint. *Id.* at 267. On August 1, 2016, Zwick's attorney sent a letter to Town Justice Piotrowski. *See* ECF No. 46-4 at 269. Counsel requested that the warrant be withdraw, arguing that the criminal complaint was defective insofar as it failed to allege that Cyrek had been "contacted at his place of business or that he warned [Zwick] not to do so." *Id.* On August 2, 2016, Zwick appeared before Town Justice Piotrowski for her arraignment. ECF No. 46-3 ¶ 19. Zwick avers that "Judge Piotrowski dismissed the charge at [her] arraignment, agreeing that the accusatory instruments were legally insufficient to support the stalking charge." *Id.* Zwick's certificate of disposition confirms that the charge was dismissed on August 2, 2016, though it does not state the basis for the dismissal. ECF No. 46-4 at 271.

In her complaint, Zwick raises four claims: (1) a claim under 42 U.S.C. § 1983 against Officer Wierzbowski for malicious prosecution related to the June 2016 charge; (2) a common-law malicious prosecution claim against Cyrek related to the June 2016 charge; (3) a Section 1983 claim against Officer Wierzbowski for malicious prosecution related to the August 2016 charge; and (4) a common-law malicious prosecution claim against all defendants related to the August 2016 charge. ECF No. 1 at 8-11. This order concerns only the first two claims.

## DISCUSSION

In its October 20, 2021 Decision & Order, the Court noted that it was inclined to *sua sponte* grant summary judgment on Zwick's first two claims because she had failed to present sufficient

evidence that the June 2016 charge had finally terminated in her favor. *See Zwick*, 2021 WL 4895106, at *3-4. As the Court discussed, to prevail on a malicious prosecution claim under New York law or Section 1983, "a plaintiff must show: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice." *Kee v. City of New York*, 12 F.4th 150, 161-62 (2d Cir. 2021) (internal quotation marks omitted). The second element, favorable termination, "is designed principally to ensure against inconsistent judgments and to avoid parallel litigation as to questions of probable cause." *Murphy v. Lynn*, 118 F.3d 938, 948 (2d Cir. 1997) (internal citation omitted). The plaintiff bears the burden of proving that the charge "terminated favorably." *Culberth v. Town of East Hampton, N.Y.*, No. 18-CV-4796, 2020 WL 4587731, at *3 (E.D.N.Y. Feb. 21, 2020); *see also Lanning v. City of Glens Falls*, 908 F.3d 19, 28 (2d Cir. 2018) (affirming dismissal of malicious prosecution claim where plaintiff alleged that the charges against him "were dismissed . . . without specifying how or on what grounds"). New York law and federal law diverge on the showing required to satisfy the "favorable termination" element. *See Kee*, 12 F.4th at 163.

For purposes of a Section 1983 claim, a termination is "favorable" only when "its final disposition is such as to indicate the innocence of the accused." *Id.* at 163 (quoting *Murphy*, 118 F.3d at 948). "The answer to whether the termination is indicative of innocence depends on the nature and circumstances of the termination; the dispositive inquiry is whether the failure to proceed implies a lack of reasonable grounds for the prosecution." *Murphy*, 118 F.3d at 948 (internal quotation marks and brackets omitted). In *Murphy*, the Second Circuit noted that, because it does not "result from [an] adjudication of the merits," a dismissal "for failure to allege sufficient facts to support the charge" is not "sufficiently favorable to the accused to be indicative of

4

innocence." *Id.* A dismissal for facial insufficiency "may not end the state's pursuit of the accused on the same charges, for a renewed prosecution may be commenced in a proper court on a facially sufficient pleading." *Id.* at 949.

By contrast, New York law provides that "any termination of a criminal prosecution, such that the criminal charges may not be brought again, qualifies as a favorable termination, so long as the circumstances surrounding the termination are not inconsistent with the innocence of the accused." *Cantalino v. Danner*, 96 N.Y.2d 391, 395 (2001); *see also Lanning*, 908 F.3d at 27-28 (discussing New York law). Even under New York law, however, "a dismissal without prejudice for facial insufficiency is not a final favorable termination" for purposes of a malicious prosecution claim. *Russell v. The Journal News*, 672 F. App'x 76, 79 (2d Cir. 2016) (summary order). This is because, insofar as the dismissal is without prejudice, it is "not final." *Smith-Hunter v. Harvey*, 95 N.Y.2d 191, 198 (2000); *see also McGee v. Doe*, 568 F. App'x 32, 39-40 (2d Cir. 2014) (summary order); *Semmig v. Charlack*, 39 N.Y.S.3d 72, 74 (2d Dep't 2016).

In its prior order, the Court wrote that, as applied to Zwick's June 2016 charge, there was "insufficient evidence" that it "terminated in her favor," whether that element was defined in terms of federal or state law. *Zwick*, 2021 WL 4895106, at *4. "The record disclose[d] that on August 2, 2016, Town Justice Piotrowski dismissed the June 2016 stalking charge." *Id.* The record did not reveal "the exact grounds of his decision," but Zwick claimed "that he dismissed the charge because he agreed 'that the accusatory instruments were legally insufficient to support the stalking charge.'" *Id.* (quoting ECF No. 46-3 ¶ 19). The Court accepted Zwick's assertion to be true, but stated that she had failed to "cite any evidence that suggests that the dismissal was 'with prejudice' or otherwise barred reprosecution of the offense," as would be required to satisfy the "favorable termination" element under New York law. *Id.* (stating that "the dismissal of a legally insufficient

5

misdemeanor complaint does not bar "'further prosecution of the charges so dismissed.'" (quoting *People v. Epakchi*, 37 N.Y.3d 39, 46 (2021)).  Indeed, the record showed that "Zwick's attorney and the prosecutor were both under the impression that charges would or could be refiled." *Id.* (citing ECF No. 46-4 at 274).  And a "comparison of the disposition certificates for Zwick's two charges also suggests that the June 2016 charge was not dismissed with prejudice": "[t]he certificate for the June 2016 charge identifies the disposition as "Dismissed," while the certificate for the August 2016 charge identifies the disposition as "DISM WITH PREJUDICE." *Id.* at *4 n.2.

From this evidence, the Court concluded that "the June 2016 charge was dismissed without prejudice due to the legal insufficiency of the accusatory instrument." *Id.* at *4.  "Under state and federal law, that disposition does not constitute a favorable termination," thus warranting summary judgment in Officer Wierzbowski's favor on the first claim and in Cyrek's favor on the second. *Id.*; *accord Gem Fin. Serv., Inc. v. City of New York*, No. 13-CV-1686, 2014 WL 1010408, at *10 (E.D.N.Y. Mar. 17, 2014) (collecting cases); *see also McGee*, 568 F. App'x at 39-40.

In her supplemental submission, Zwick contends that the dismissal of the June 2016 charge should be viewed as one "on the merits" because Judge Piotrowski ultimately dismissed the subsequent August 2016 charge with prejudice.[2]  ECF No. 62 at 5-7.

The Court is not persuaded.  However Judge Piotrowski handled and disposed of the August 2016 charge, Zwick concedes that the June 2016 charge was dismissed without prejudice. *See* ECF No. 62 at 5.  At the time of dismissal, both sides were under the impression that charges

---

[2] Zwick also disputes the legal standards that ought to be applied to the claims. *See* ECF No. 62 at 2-5.  Her arguments do not merit extended comment; it suffices to say that the Court stands by its understanding of the relevant legal standards, as set forth above and in its prior decision.

would or could be refiled, and indeed, a new criminal complaint was ultimately filed against Zwick.

Under federal law, a dismissal "for failure to allege sufficient facts to support the charge" is not "sufficiently favorable to the accused to be indicative of innocence." *Murphy*, 118 F.3d at 948; *see also Black v. Petitinato*, 761 F. App'x 18, 23 (2d Cir. 2019) (summary order) ("Dismissals of criminal proceedings for facial insufficiency are not sufficiently favorable to the accused to be indicative of innocence" (internal quotation marks omitted)); *Laboy v. Cty. of Ontario*, 668 F. App'x 391, 393 (2d Cir. 2016) (summary order) ("When an arrest is dismissed on the grounds of legal insufficiency, . . . rather than pure innocence, courts have found that there was not a termination in favor of the plaintiff."). Therefore, because the June 2016 charge was dismissed without prejudice, with the intent (and ultimate decision) to refile, Zwick's federal malicious prosecution claim against Officer Wierzbowski fails with respect to the June 2016 charge.

Under state law, "a plaintiff in a malicious prosecution action must show . . . that the criminal proceeding was *finally* terminated," and a "dismissal without prejudice qualifies as a final, favorable termination *if the dismissal represents the formal abandonment of the proceedings by the public prosecutor*." *Harvey*, 95 N.Y.2d at 197-98 (emphasis added and internal quotation marks omitted). Given that further criminal proceedings were contemplated and did ensue after the dismissal without prejudice, the disposition of the June 2016 charge cannot be understood as a "final" termination under *Harvey*. *Accord D'Amico v. Corr'l Med. Care, Inc.*, 991 N.Y.S.2d 687, 693 (4th Dep't 2014) ("It is well settled . . . that any disposition of the criminal action that does not terminate it, but permits it to be renewed, cannot serve as a foundation for a malicious prosecution action.").

## CONCLUSION

For the reasons discussed above, Zwick's claims against Officer Wierzbowski and Cyrek related to the June 2016 charge are DISMISSED WITH PREJUDICE. The Court schedules a status conference, to be held on February 8, 2022 at 10:00 A.M. via Zoom videoconference, to hear from the parties about the progress of this action.

IT IS SO ORDERED.

Dated: February 1, 2022
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York