UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANN M. ZWICK,

                                        Plaintiff,

                                                            Case # 17-CV-727-FPG
v.
                                                            DECISION AND ORDER

TOWN OF CHEEKTOWAGA, et al.,

                                        Defendants.

        Plaintiff Ann M. Zwick brought this civil rights action against three defendants—the Town of Cheektowaga ("the Town"), Christopher Wierzbowski, and Mark Cyrek—who, she claims, maliciously prosecuted two charges against her.  *See* ECF No. 1.  She raised four claims: (1) a claim under 42 U.S.C. § 1983 against Officer Wierzbowski for malicious prosecution related to the June 2016 charge; (2) a common-law malicious prosecution claim against Cyrek related to the June 2016 charge; (3) a § 1983 claim against Officer Wierzbowski for malicious prosecution related to the August 2016 charge; and (4) a common-law malicious prosecution claim against all defendants related to the August 2016 charge.  On October 20, 2021, the Court denied Zwick's motion for partial summary judgment as to liability on all claims.  *Zwick v. Town of Cheektowaga*, No. 17-CV-727, 2021 WL 4895106, at *7 (W.D.N.Y. Oct. 20, 2021) [hereinafter "*Zwick I*"].  It also notified the parties that it intended to "*sua sponte* grant summary judgment against Zwick on her first and second claims pursuant to Federal Rule of Civil Procedure 56(f)(1)."  *Id.*  After supplemental briefing, the Court affirmed that Defendants were "entitled to summary judgment on Zwick's first and second claims."  *Zwick v. Town of Cheektowaga*, No. 17-CV-727, 2022 WL 298045, at *1 (W.D.N.Y. Feb. 1, 2022) [hereinafter "*Zwick II*"].

1

Zwick now moves for reconsideration, arguing that the Supreme Court's decision in *Thompson v. Clark*, 142 S. Ct. 1332 (2022), undermines the Court's reasoning and compels reinstatement of her first and second claims. ECF No. 67. The Town and Officer Wierzbowski oppose the motion.[1] ECF No. 71. Cyrek has not responded to the motion. Under the circumstances, and given the procedural history of this litigation, the Court (a) vacates its order *sua sponte* dismissing the first and second claims, (b) reinstates those claims, and (c) declines to further address the legal or factual sufficiency of the first and second claims prior to trial. This ruling is without prejudice to the parties raising any legal or factual issues related to Zwick's claims at trial.

In the operative scheduling order, Magistrate Judge Roemer set the deadline for dispositive motions as March 3, 2021. ECF No. 45. On that date, only Plaintiff filed a dispositive motion— one for partial summary judgment as to liability on all of her state and federal malicious prosecution claims. *See* ECF No. 46. The Court denied Plaintiff's motion because there were genuine issues of material fact with respect to the existence of actual malice. *See Zwick I*, 2021 WL 4895106, at *5-6. That rationale was sufficient to resolve Plaintiff's motion, but the Court went one step further: it stated its intent to "*sua sponte* grant summary judgment against Zwick" on her first two claims, on the basis that there was insufficient evidence of a "favorable termination" as to the June 2016 charge. *Id.* at *3-4. After giving the parties an opportunity to be heard, the Court subsequently "affirm[ed] its conclusion that Defendants are entitled to summary judgment on Zwick's first and second claims." *Zwick II*, 2022 WL 298045, at *1.

---

[1] The Town and Officer Wierzbowski argue that Zwick's motion is untimely under Rule 59(e). *See* ECF No. 71 at 2. This Court has the "inherent power to reconsider any of its own [orders] prior to the entry of judgment adjudicating all the claims," which power is properly exercised where there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Green v. Schmelzle*, 309 F. Supp. 3d 18, 20 (W.D.N.Y. 2018). The legal and procedural developments discussed below warrant the exercise of this power.

The Supreme Court has since issued its decision in *Thompson*, wherein it rejected Second Circuit precedent on the "favorable termination" element and held that "a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence." *Thompson*, 142 S. Ct. at 1341.   Rather, "[a] plaintiff need only show that the criminal prosecution ended without a conviction."   *Id.*   As Zwick argues—and Defendants do not dispute—*Thompson* undercuts the Court's basis for *sua sponte* dismissing her first claim, which arises under Section 1983.  *See Zwick I*, 2021 WL 4895106, at *3 (reciting Second Circuit precedent for the proposition that "a termination is favorable [for purposes of a malicious prosecution claim under Section 1983] only when its final disposition is such as to indicate the innocence of the accused").

But *Thompson* does not necessarily settle all the potential legal issues related to Zwick's first and second claims.   For one thing, while it is obvious that *Thompson* bears materially on Zwick's first claim, which is a malicious prosecution claim arising under *federal* law, Zwick fails to explain how *Thompson* bears on her second claim, which is a malicious prosecution claim arising under *state* common law.   *See* ECF Nos. 67-2, 72; *see also Zwick I*, 2021 WL 4895106, at *3 ("New York law and federal law diverge on the showing required to satisfy the 'favorable termination' element.").   Furthermore, qualified immunity may become an issue with respect to the first claim, *see Thompson*, 142 S. Ct. at 1341, and the Town and Officer Wierzbowski now contend that summary judgment is appropriate on the first and second claims because of the "overwhelming evidence of probable cause."  ECF No. 71 at 3.

Leaving aside the merits of these issues, what is now evident, in light of these subsequent developments, is that the Court's decision to invoke Rule 56(f) is no longer serving the interest of judicial economy.   This case is nearly five-years old and would otherwise be ready for trial but for

the *sua sponte* dismissal of Plaintiff's first and second claims and the issues and motions resulting therefrom.  Moreover, because trial will proceed on Zwick's third and fourth claims regardless of the Court's resolution of the first and second claims, there is little to be gained by addressing the issues presently before the Court via pretrial motion practice, when any legal or factual disputes could be just as easily raised, briefed, and resolved during trial.

Accordingly, for the reasons discussed above, and pursuant to the Court's inherent authority to "manage [its] docket . . . with a view toward the efficient and expedient resolution of cases," *Dietz v. Bouldin*, 579 U.S. 40, 46 (2016), and "reconsider and modify its interlocutory orders," *Estate of Mantle v. Rothgeb*, 537 F. Supp. 2d 533, 536 (S.D.N.Y. 2008), the Court vacates its order invoking Rule 56(f) as to Zwick's first and second claims.  Those claims are therefore reinstated.  Trial will proceed on all of Zwick's claims, and Defendants are free to raise any legal or factual challenges to Zwick's claims at trial.

As a result, Zwick's motion for reconsideration (ECF No. 67) is DENIED AS MOOT.  The Court schedules a status conference, to be held on June 8, 2022 at 11:00 A.M. via Zoom videoconference, to set a trial date.

IT IS SO ORDERED.

Dated: May 18, 2022
       Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York