UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANN M. ZWICK,

Plaintiff,

vs. Civil No.: 1:17-cv-00727-FPG-MJR

TOWN OF CHEEKTOWAGA,
CHRISTOPHER WIERZBOWSKI,
and MARK CYREK,

Defendants.

---

**STATEMENT OF UNCONTESTED FACTS**

Pursuant to Local Rules of Civil Procedure 16(e)(2), it is submitted by plaintiff, Ann M. Zwick, that the following facts are not contested in this matter:

1. On June 24, 2016, Defendant Mark Cyrek made a complaint to the Town of Cheektowaga Police Department alleging that Ms. Zwick was stalking him.

2. Town of Cheektowaga police officer, Christopher Wierzbowski, responded to Cyrek's complaint and interviewed Cyrek who completed a Domestic Incident Report.

3. Based on the allegations in Cyrek's Domestic Incident Report and Supporting Deposition, Wierzbowski filed a criminal complaint with the Town of Cheektowaga Court alleging that Ms. Zwick had committed the offense of stalking in the fourth degree in violation of New York Penal Law § 120.45(3).

4. Subsection 3 forbids conduct that "is likely to cause such person to reasonably fear that his or her employment, business or career is threatened, where such conduct consists of appearing, telephoning or initiating communication or contact at such person's place

of employment or business, and the actor was previously clearly informed to cease that conduct." N.Y. Pen. L. § 120.45(3).

5. It was not until more than a month later that Ms. Zwick learned of the warrant for her arrest. She then retained attorney James Ostrowski, Esq. to represent her.

6. Plaintiff's criminal defense attorney, James Ostrowski, Esq., wrote to Town of Cheektowaga Judge Paul Piotrowski on August 1, 2016 requesting that he withdraw the warrant for Ms. Zwick's arrest.

7. Ms. Zwick surrendered herself and appeared before Judge Piotrowski on August 2, 2016. Judge Piotrowski dismissed the stalking charge that day at plaintiff's arraignment.

8. Although the stalking charge against Ms. Zwick was dismissed, officers with the Town of Cheektowaga Police Department insisted that she be booked on the charge. Ms. Zwick was detained in the courtroom for approximately 30 minutes until the Town of Cheektowaga police officers eventually withdrew their request to book the plaintiff. Only then was Ms. Zwick free to leave.

9. Two days after the first charge was dismissed, on August 4, 2016, Defendant Wierzbowski prepared a second set of accusatory instruments that charged Ms. Zwick with stalking in the fourth degree in violation of New York State Penal Law § 120.45(2).

10. After plaintiff learned of the first set of criminal charges against her, she did not attempt to contact Cyrek again prior to the second set of criminal charges that were filed against her.

11. Subsection 2 forbids causing "material harm to the mental or emotional health of such person, where such conduct consists of the following, telephoning or initiating

communication or contact with such person, a member of such person's immediate family or third party with whom such person is acquainted, and the actor was previously clearly informed to cease the conduct." N.Y. Pen. L. § 120.45(2).

12. The preface of the statute also required that Ms. Zwick's alleged behavior be "intentional" and "for no legitimate purpose," and the defendant "knows or reasonably should know that such conduct" violated the statute. N.Y. Pen. L. § 120.45.

13. Wierzbowski filed a criminal complaint with the Town of Cheektowaga Court alleging that Ms. Zwick had committed the offense of stalking in the fourth degree in violation of New York Penal Law § 120.45(2). A warrant for Ms. Zwick's arrest was issued on August 5, 2016.

14. Based on the warrant, Ms. Zwick was arrested at her place of employment on August 16, 2016 by officers employed with the Town of Cheektowaga Police Department and she was held overnight at the Town of Cheektowaga Police Station.

15. Ms. Zwick was arraigned on August 17, 2016 at the Town of Cheektowaga Court and released from custody the same day.

16. She was, however, forced to attend multiple court appearances before the stalking charge against her was dismissed with prejudice.

17. Plaintiff's criminal defense attorney, Mr. Ostrowski, filed a motion to dismiss with the Town of Cheektowaga Court on December 23, 2016. The motion argued there was zero evidence to support numerous essential elements of the crime, including the element of intent, lack of legitimate purpose, and actual harm to the mental or emotional health of Cyrek.

18. Judge Piotrowski agreed that the August 4, 2016 accusatory instruments were legally insufficient as a matter of law to support the charge of stalking in the fourth degree. He therefore dismissed the stalking charge against plaintiff with prejudice.

19. Judge Piotrowski also reviewed the contents of Ms. Zwick's communications to Cyrek, and concluded the following:

> The Court would also like to note that although the Decision of Legal Sufficiency or Insufficiency is based on the 'four corners' of the documents which the Court based its decision, the Court also reviewed the contents of the communications that were conveyed to the complainant.
>
> The Court found that the parties involved were involved in a long term personal relationship that the complainant wanted to terminate. Although several communications were sent by the defendant to the complainant, none of the communications were threatening, harmful, or offensive in nature.
>
> The Court concluded that the communications were a desperate attempt by a 'broken hearted' woman to change her former partner's mind to reengage in the relationship.
>
> Accordingly, the Court concluded that the communications could not have materially harmed the mental or emotional health of the male complainant. This would have been the judgment of the Court if it had ruled on the merits of the prosecution. Finally, the Court does not believe that the Statute was written for these types of cases and does not believe that the Defendant violated the Intent nor the 'spirit' of the law.

20. On April 17, 2017, Ms. Zwick served the Town of Cheektowaga with a notice of claim stating her intention to sue for these incidents. Attorneys for the Town of Cheektowaga Defendants mailed a letter, dated May 10, 2017, acknowledging their receipt of plaintiff's notice of claim. Ms. Zwick appeared for a 50-h hearing on June 8, 2017 and was deposed by attorneys for the Town of Cheektowaga.

21. On July 31, 2017, Ms. Ziwck filed a complaint in the Western District of New York which commenced the instant action.

## STATEMENT OF CONTESTED FACTS

Pursuant to Local Rules of Civil Procedure 16(e)(2), it is submitted by plaintiff, Ann M. Zwick, that the following facts are contested and must be resolved by a jury:

1. The June 24, 2016 accusatory instruments failed to allege that Cyrek was contacted at his place of employment or that he warned Ms. Zwick not to contact him.

> **Defendants' Position**: Because the accusatory instrument mentions that Ms. Zwick sent Cyrek multiple text messages and e-mails, they hypothesize that he received some of these correspondences at work even though there is no evidence that he received plaintiff's correspondences at work. (*See* Dkts. 53-4 and 54-3).

2. Ms. Zwick never "appear[ed], telephon[ed] or initiat[ed] communication or contact at" Cyrek's place of work, which is the only conduct that is prohibited under New York Penal Law § 120.45(3).

> **Defendants' Position:** Because Ms. Zwick sent Cyrek multiple text messages and e-mails, defendants hypothesize that he received some of these correspondences at work even though there is no evidence that he received plaintiff's correspondences at work. (*See* Dkts. 53-4 and 54-3).

3. Prior to June 24, 2016, Cyrek never "clearly informed" Ms. Zwick to cease contact with him.

> **Defendants' Position**: Defendants claim that some of the e-mails from Cyrek to plaintiff indicate that he made attempts, known to plaintiff, to cease communication with her. (*See* Dkts. 53-4 and 54-3).

4. The Supporting Deposition and Domestic Incident Report completed by Cyrek contained numerous false and misleading statements. The information from Cyrek falsely stated that plaintiff "has had numerous stay away orders in the past which all have expired"; that "physical violence increased in frequency or severity over the past six months"; and that plaintiff drove down Cyrek's street "for no legitimate purpose."

**Defendants' Position**: Although the Domestic Incident Report mentions multiple protective orders, it does not indicate who the orders were against. Additionally, they believe the legitimacy of plaintiff allegedly driving down Cyrek's street can be questioned based on communications between the parties. (*See* Dkts. 53-4 and 54-3).

5. At no time did Wierzbowski or any other Town of Cheektowaga police officer contact or communicate with Ms. Zwick prior to filing the June 24, 2016 or August 4, 2016 criminal charges against her.

**Defendants' Position**: Defendants claim that they attempted to locate and question the plaintiff on one occasion. Regarding the August 4, 2016 criminal charge, defendants impliedly admit that neither Wierzbowski nor any other Town of Cheektowaga police officer attempted to contact or communicate with Ms. Zwick before filing the second criminal charge, but they excuse this omission by claiming that "[t]he second set of accusatory instruments are (sic) based on the same set of facts in the first instruments." (*See* Dkts. 53-4 and 54-3).

6. There is no evidence supporting the "lack of legitimate purpose" element of both criminal charges. One reason why plaintiff contacted Cyrek was because they had a long-term relationship and Cyrek was in possession of numerous items of plaintiff's property that he refused to return.

**Defendants' Position**: Because plaintiff sent over 350 text messages to Cyrek between March 3, 2016 and June 19, 2016 and Cyrek sent 16 text messages to plaintiff during that same time, defendants apparently believe that plaintiff should have realized that her messages lacked a legitimate purpose. In addition, defendants will contend that "[o]ut of the over 350 messages, only 5 of these communications make any mention about retrieving property from Mr. Cyrek." Moreover, defendants will assert that because plaintiff sent several emails to Cyrek between June 19, 2016 and July 21, 2016, this fact "indicate[s]" that plaintiff knew Cyrek had blocked her phone number. Finally, Cyrek seems to indicate that he will argue that several of the text messages indicate that he did not want to be contacted by plaintiff. (*See* Dkts. 53-4 and 54-3).

7. Wierzbowski and Cyrek are friends, or at least acquaintances, and Wierzbowski filed the criminal charges against plaintiff as a favor to Cyrek.

**Defendants' Position**: Defendants will argue that, prior to the events in this case, Wierzbowski and Cyrek had never met and Wierzbowski never had any

interaction with plaintiff or Cyrek prior to his initiation of multiple criminal prosecutions against plaintiff. (*See* Dkts. 53-4 and 54-3).

Dated: November 8, 2022
Buffalo, New York

**RUPP BAASE PFALZGRAF CUNNINGHAM LLC**
*Attorneys for Plaintiff, Ann Zwick*

By: *s/Chad A. Davenport*
R. Anthony Rupp III
Chad A. Davenport
1600 Liberty Building
Buffalo, New York 14202
(716) 854-3400
rupp@ruppbaase.com
davenport@ruppbaase.com